**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LOCAL UNION 786 BUILDING MATERIAL PENSION FUND, Board of Trustees and MICHAEL YAUGER, Trustee & Fiduciary of the Fund, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| NCP CARTAGE, NATIONAL CONCRETE PIPE CO, JOHN M. ESPOSITO  and any other Controlled Group Members of NCP Cartage, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

     Plaintiffs, Local Union 786 Building Material Pension Fund ("Fund"), the Board of Trustees ("Board") and Michael Yauger, Trustee and Fiduciary of the Fund ("Yauger"), by their attorney Anthony Pinelli, bringing this complaint against Defendants, NCP Cartage (the "Employer" or "NCP"), National Concrete Pipe Co., John M. Esposito, and any controlled group members of the Employer, as a result of the Employer's withdrawal from a multiemployer pension plan, and allege as follows:

## JURISDICTION AND VENUE

     1.    This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001-1461, to collect withdrawal liability, interest, and penalties and, as such, this Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

2.      Venue lies in this court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Fund is administered by its Trustees at its principal place of business in this District.

## PARTIES

3.      Plaintiff Fund is a multiemployer pension benefit plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA. 29 U.S.C. § 1002(37) and 1301(a)(3). The Fund is established and maintained pursuant to its Agreement and Declaration of Trust of the Local Union 786 Building Material Pension Fund (the "Agreement and Declaration of Trust") in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Fund has offices and conducts business within this District.

4.      Plaintiff Fund is managed by the Board of Trustees and Michael Yauger is a Trustee and Fiduciary of the Fund and have been duly authorized by the Agreement and Declaration of Trust to act on behalf of the Fund in collection of withdrawal liability owed to the Fund. With respect to such matters, the Board of Trustees are fiduciaries of the Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Pursuant to sections 502(a)(3) and 4301(a)(I) of ERISA, 29 U.S.C. §§ I132(a)(3) and 145I(a)(1), the Board of Trustees, as fiduciaries are authorized to bring this action on behalf of the Plan, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

5.      Defendant NCP is an Illinois corporation with its principal place of business located in the State of Illinois and in this District and is owned solely by John M. Esposito.

6.      Defendant National Concrete Pipe Co is an Illinois corporation with its principal place of business located in the State of Illinois and in this District, which is a separate trade or business and is owned solely by John M. Esposito thus constituting a single employer with NCP

within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), and the regulations promulgated thereunder.

7.    Defendant John M. Esposito is an individual and not only the sole owner of NCP, but also the sole proprietor of the property located at 11825 Franklin Ave., Franklin Park, Il. 60131 (the "Property"), which is a separate trade or business upon which NCP operated its business on and before the date of its withdrawal from the Fund thus constituting a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), and the regulations promulgated thereunder.

## FACTS

8.    NCP was an employer engaged in an industry affecting commerce and was subject to a collective bargaining agreement with the Building Material, Lumber, Box, Shaving, Roofing and Insulating Chauffeurs, Teamsters, Warehousemen and Helpers Union No. 786 in the City of Chicago and Vicinity, State of Illinois, affiliated with the International Brotherhood of Teamsters, under which NCP was required to make contributions to the Fund on behalf of certain of its employees.

9.    The Employer remitted contributions to the Pension Fund in accordance with the terms of its collective bargaining agreement with the union until the Plan Year ending August 31, 2014, during which year it ceased remitting contributions to the Pension Fund.

10.   On or about July 15, 2014, the Employer no longer employed employees covered by a collective bargaining agreement requiring contributions to the Fund.

11.   The Employer withdrew from the Fund in the Plan Year ending August 31, 2014, when it permanently ceased to have an obligation to remit contributions to the Fund.

12.     Under section 4201(b) of ERISA, 29 U.S.C. § 1381(b), the Fund calculated the liability for the Employer's withdrawal to be $583,579 using the August 31, 2014 valuation date.

13.     The Fund notified NCP by letter (the "Demand Letter") dated October 29, 2014, that the amount of withdrawal liability incurred by NCP for a withdrawal during the Plan Year ending August 31, 2014 (when it terminated its Union employees) was $583,579. In the Demand Letter, the Fund further notified NCP that it could pay its estimated liability in 23 quarterly installments of $28,629 and a final quarterly installment of $27,962. The Demand Letter advised NCP that the first installment was due by December 30, 2014 and every three months thereafter. Alternatively, NCP, had the option of paying its withdrawal liability in a lump sum. A copy of the Demand Letter is attached as Exhibit A.

14.     The Demand Letter was sent by certified mail return/receipt requested to NCP at the address of the Property and was refused by NCP on November 3, 2014. (Exhibit B).

15.     The Fund, under separate cover but also dated October 29, 2014, sent a request to NCP pursuant to section 4219(a) of ERISA, 29 U.S.C. § 1399(a), to complete a statement of business affairs. (Exhibit C).

16.     The statement of business affairs was sent by certified mail return/receipt requested to NCP at the address of the Property and was refused by NCP on November 3, 2014. (Exhibit D).

17.     On December 2, 2014, the Fund sent a second request to NCP to complete the statement of business affairs and sent another form for completion to NCP.

18.     This second request was sent by certified mail return/receipt requested to Michael J. Morrisroe, the registered agent of NCP at 114 S. Bloomingdale Rd., Bloomingdale Il. 60108 and was accepted by Mr. Morrisroe on December 5, 2014. (Exhibit E).

19.     To date the statement of business affairs has not been completed or returned to the Fund by NCP or any of its agents or assigns.

20.     On January 20, 2015, the Fund notified NCP via certified mail that it had failed to make any payments in accordance with the payment schedule outlined above, and that failure to make a payment would result in a default and acceleration of the entire amount due should NCP fail to make payment within 60 days of the date of this letter.  (Exhibit F).

21.     The letter was sent by certified mail return/receipt requested to both NCP at the address of the Property and Michael J. Morrisroe, the registered agent of NCP at 114 S. Bloomingdale Rd., Bloomingdale Il. 60108 and was accepted by NCP and separately by Mr. Morrisroe on January 22, 2015. (Exhibit G).

22.     In accordance with ERISA § 4219(b)(2)(A), NCP and its controlled group members had 90 days from the date of the Fund's October 29, 2014 letter to initiate arbitration. Since no action was taken by NCP and/or its controlled group members to initiate arbitration, Defendants have waived their rights to challenge the amount of withdrawal liability and who is a liable for such withdrawal liability.

23.     NCP has not remitted any of the installment payments sought by the Fund for NCP's withdrawal from the Fund nor did it ever take steps to initiate arbitration.

24.     Under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), an employer is required to pay any outstanding withdrawal liability in a lump sum if in default and has exhausted its ability to challenge withdrawal liability due to its failure to timely initiate arbitration.

**WHEREFORE**, the Fund, its Board of Trustees, and Michael Yauger, Trustee and Fiduciary, respectfully request the following judgment in favor of the Plaintiffs and against the Defendants:

a.      That NCP; National Concrete Pipe Co.; John M. Esposito; and any other members of the Controlled Group be held liable jointly and severally for the outstanding withdrawal liability of $583,579;

b.      That NCP; National Concrete Pipe Co.; John M. Esposito; and any other members of the Controlled Group be held liable jointly and severally for the full amount of prejudgment interest attributable to the withdrawal liability calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g);

c.      That NCP; National Concrete Pipe Co.; John M. Esposito; and any other members of the Controlled Group be held liable jointly and severally for liquidated damages calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g);

d.      That NCP; National Concrete Pipe Co.; John M. Esposito; and any other members of the Controlled Group be held liable jointly and severally for the Fund's costs and expenses incurred in connection with this action, including its reasonable attorneys' fees, pursuant to Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and 1451(e); and

e.      The Plaintiffs shall have such other and further relief as the Court shall deem just and proper.

Dated:  June 22, 2015

Respectfully submitted,

LOCAL UNION 786 BUILDING MATERIAL PENSION FUND, its BOARD OF TRUSTEES, and MICHAEL YAUGER, Trustee and Fiduciary of the Fund

/s/  Anthony Pinelli
Anthony Pinelli
Attorney for Plaintiffs

Anthony Pinelli
Law Offices of Anthony Pinelli
53 West Jackson Blvd., Suite 1460
Chicago, Illinois 60604
312/583-9270
312/362-9907 (fax)
apinelli@pinelli-law.com

<u>CERTIFICATE OF SERVICE</u>

       This is to certify that a copy of the foregoing Complaint has been served by certified mail return receipt requested, as required by 502(h) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(h) this 22nd day of June, 2015, on the following:

| | |
|---|---|
| The Office of Division Counsel | Secretary of Labor |
| Associate Chief Counsel (TE/GE) CC:TEGE | 200 Constitution Ave., N.W. |
| Room 4300 | Washington, D.C. 20210 |
| 1111 Constitution Avenue | Attn: Asst Solicitor for Plan Benefits Security |
| Washington, D.C. 20224 | |

Michael J. Morrisroe
114 S. Bloomingdale Rd.
Bloomingdale Il. 60108